Argued December 20, 1976, reversed February 8, reconsideration denied March 16, 1977, petition for review pending

SOUTHWESTERN OREGON PUBLISHING CO., INC., *Respondent,*

*v.*

SOUTHWESTERN OREGON COMMUNITY COLLEGE DIST., *Appellant.*

(No. 76-277, CA 6398)

559 P2d 1289

Richard L. Barron, Coos Bay, argued the cause for appellant. With him on the brief was Bedingfield, Joelson, Gould & Barron, Coos Bay.

Guy A. Stokes, Coos Bay, argued the cause for respondent. With him on the brief were Sydney L. Chandler, and Chandler, Walberg & Whitty, Coos Bay.

Edward C. Harms, Jr., and Harms & Harold, Springfield, filed a brief amicus curiae on behalf of Oregon School Boards Association.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant appeals from an injunction forbidding it, its attorneys, agents and employes from conducting collective bargaining sessions which were closed to members of the news media.

Defendant was engaged in collective bargaining with the teachers employed by it and had retained a professional labor negotiator to represent it during the negotiations. The ground rules agreed to by defendant and the teachers for the negotiations provided that the bargaining sessions would be closed to the press and the public. Plaintiff contends the Oregon Public Meetings Law, ORS 192.610 et seq, requires that such negotiations be open to the press.

Plaintiff does not challenge on constitutional grounds either the procedure agreed to by defendant and the teachers or any aspect of the Public Meetings Law.[1] The issue before us is solely one of statutory construction—whether the Public Meetings Law is applicable to labor negotiations conducted on behalf of defendant by a retained negotiator.

Plaintiff relies on ORS 192.660(3) and (4) which provide:

"(3) Labor negotiations may be conducted in executive session if either side of the negotiators requests closed meetings. * * *

"(4) Representatives of the news media shall be allowed to attend executive sessions other than those held under paragraph (a) of subsection (2) of this section relating to labor negotiations but the governing body may require that specified information subject of the executive session be undisclosed."

---

[1] Thus we need not address the constitutionality of the provisions in the Public Meetings Law in ORS 192.660(4) allowing the news media access to executive sessions but denying the general public similar access, *see Branzburg v. Hayes,* 408 US 665, 92 S Ct 2646, 92 S Ct 2686, 33 L Ed 2d 626 (1972), or allowing the governing body to censor what the news media may disclose about the content of executive sessions, *see New York Times Co. v. United States,* 403 US 713, 91 S Ct 2140, 29 L Ed 2d 822 (1971).

Plaintiff contends that these sections evidence an intent that labor negotiations such as those present here should be open at least to the news media. We disagree. The requirements of the Public Meetings Law in general and the sections of the law concerning "executive sessions" specifically are applicable only to "governing bodies." ORS 192.630(1). An "executive session" is defined by ORS 192.610(2) as:

> "* * * any meeting or part of a meeting of a governing body which is closed to certain persons for deliberation on certain matters."

A "governing body" is defined by ORS 192.610(3) as:

> "* * * the members of any public body which consists of two or more members, with the authority to make decisions for or recommendations to a public body on policy or administration."

A "public body" is defined by ORS 192.610(4) as:

> "* * * the state, any regional council, county, city or district, or any municipal or public corporation, or any board, department, commission, council, bureau, committee or subcommittee or advisory group or any other agency thereof."

A retained labor negotiator is neither a member of a public body nor a governing body—consequently the Public Meetings Law has no applicability to negotiations conducted by a retained negotiator.

Plaintiff argues that the Public Meetings Law is ambiguous and that the following policy statement expressed in ORS 192.620 should govern:

> "The Oregon form of government requires an informed public aware of the deliberations and decisions of governing bodies and the information upon which such decisions were made. It is the intent of ORS 192.610 to 192.690 that decisions of governing bodies be arrived at openly."

Even accepting that the Public Meetings Law is ambiguous, we cannot see how adopting plaintiff's position aids in providing an "informed public aware of the deliberations and decisions of governing bodies"

when the governing body may forbid the news media from reporting any or all discussion which occurs. ORS 192.660(4).

Reversed.